UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE E. BLOUNT, | ) |
| Petitioner, | ) Case No. 12-CV-2118 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION**

This case is before the court for ruling on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). The court has reviewed Petitioner's brief, the Government's brief, and the transcripts from Petitioner's underlying trial and sentencing. Following this careful review, the motion (#1) is DENIED.

**Background**

On March 6, 2006, Petitioner was indicted in the underlying case in this court for possession of cocaine base ("crack"). (06-CR-20020 #7), and a superseding indictment was filed on February 22, 2007. (06-CR-20020 #15). A jury trial was held on July 23, 24, and 25, 2007, with the jury finding Petitioner guilty of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. (06-CR-

- 1 -

20020 #56). On January 15, 2008, this court sentenced Petitioner to 360 months' imprisonment and 10 years' supervised release, (06-CR-20020, Minute Entry of January 15, 2008).

On January 22, 2008, Petitioner filed a direct appeal, (06-CR-20020 #73), which the Seventh Circuit dismissed on May 28, 2009, (06-CR-20020 #130). On July 28, 2011, Petitioner filed a motion for the retroactive application of the sentencing guidelines to his crack cocaine offense, (06-CR-20020 #149), which this court denied on February 9, 2012, (06-CR-20020 #158). On April 26, 2012, Petitioner filed the present Motion (#1). On June 29, 2012, the Government filed its Response (#4). On July 13, 2012, Petitioner filed his Reply (#5).

Petitioner makes two arguments: first, that trial counsel was ineffective for failing to challenge a Government witness's testimony during the trial as conflicting with her testimony before the grand jury; and second, that appellate counsel was ineffective for failing to raise an insufficiency of the evidence argument.

**Analysis**

A one-year period of limitations applies to § 2255 motions. That statute reads, in pertinent part, as follows: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.[1] A conviction is final when the United States

---

[1] Although the statute provides three other points at which the limitations period may begin, none appears relevant. These are: (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

Supreme Court denies a petition for a writ for certiorari, or when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). A petition for writ of certiorari is timely when filed within 90 days after entry of judgment. S. Ct. R. 13.1. The Court of Appeals entered its judgment on May 28, 2009. Petitioner did not file a petition for certiorari. Therefore, the judgment became file 90 days after the Court of Appeals entered its judgment, which was August 26, 2009, thereby making August 26, 2010 the last day for Petitioner to file his § 2255 motion. Petitioner filed this motion on April 26, 2012, nearly 1 year and 8 months too late.

Petitioner appears to recognize this error, and argues that this court should equitably toll his petition date. He argues that he is "mentally incompetent and is incapable of understanding his legal rights and asserting them in a timely manner." In support, he alleges that

> at the Greenville Federal Correctional Institution, Mrs. Hustedde from the Education Department gave the Petitioner the Wood Coch Johnson III [*sic*] (achievement test), the scores were so low that the education department reffered [*sic*] the Petitioner to the psychiatric department, and Dr. Hernandez gave the petitioner WAIS-IV (intelligence test); the scores from this test revealed that the petitioner is mentally incompetent.

(#1). In support of the proposition that mental and or physical illness can be the basis for equitable tolling, Petitioner cites to *Barnhart v. United States*, 884 F.2d 295 (7th Cir. 1989) and *Ata v. Scutt*, 662 F.3d 736, 737 (6th Cir. 2011). As the Government notes, and as Petitioner admits in his Reply, *Barnhart* is inapposite because that case was a dispute relative to the Federal Tort Claims Act, not a *habeas corpus* motion. Instead, Petitioner relies on *Ata*, a Sixth Circuit

---

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Petitioner does not argue that he was previously prevented from filing this motion; nor does he argue a newly-recognized right (both are rooted in a claim of ineffective assistance of counsel); and the facts supporting his claim were discovered either at the close of his trial or at the close of his appeal.

case. Petitioner does not cite to, and neither the Government nor this court can find a binding case in this Circuit to support his proposition that mental illness or incompetent qualifies as the basis for equitable tolling. "Equitable tolling of the statute of limitations is such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004).

Regardless, Petitioner's assertions have no factual foundation. This court has reviewed the transcript from Petitioner's trial and sentencing hearing. Among other moments of lucidity and intelligence during which Petitioner acknowledged his legal rights in a colloquy with the court, he stated, in his allocation, as follows:

> I just wanted to address the Court and let them know these things that I wanted to put on the record. I, Ronnie E. Blount, Jr., I was arrested without any probable cause. I was a passenger. The driver was not issued any driving citation. KAMEG from Kankakee Area Metropolitan Enforcement Group are a multijurisdictional drug unit -- drug agency and not a highway patrol, police patrol. I was not arrested -- I was not issued any vehicle citation. I just could not und-- I just could not and I still cannot understand how I am charged with drugs in a vehicle without any probable cause whatsoever, not either that did not belong to me, neither the car nor the drugs, nor when the officer pulled us over, or pulled me out of the car. I was not under arrest. I had my seat belt on. And in trial Natasha Johnson was asked: Did she talk to the grand jury? And she said: Yes. I talked to Mr. Colin Bruce. That's telling me she don't know what grand jury is, if she really did talk to one. I did not see video nor audiotape, nor did I see a recording on an interview -- an interview of Natasha Johnson or Ramona Harper. Statement of Applewhite, he did not say my name when he was arrested. He did not say anything about me when he was arrested. That came after the fact. I feel while they all was out -- Applewhite, Dickerson, Johnson, and Davis and Harper -- while they was all out while I was incarcerated, I believe Bruce talked to them; and that's when my name came up. So for that, I just wanted to put all that on the record.

(06-20020, #102, Transcript of Sentencing Hearing, at 37:6-38:11). It does not appear that Petitioner is "mentally incompetent".

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable that this court correctly found that Petitioner's motion was filed untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 11th day of March, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE